Moncure, J.
The Circuit court did not err in overruling the demurrer to the scire facias. It was decided by this court in Gedney v. The Commonwealth, ante, p. 318, that one scire facias may be issued against several cognizors in one recognizance; and that case governs this. Of course the scire facias must treat the recognizance as several, and not joint; and the judgment must be several. That is the case here. The scire facias correctly recites the recognizance; and though it calls on the cognizors to show why the commonwealth should not have execution against them, “ of the said five hundred dollars,” yet the words, “ according to the force, form and effect of the recognizance aforesaid,” immediately follow, and plainly show that the scire facias was intended to be, and actually is, in strict conformity with the recognizance.
The second assignment of error, that “the court should have awarded a writ of enquiry,” was not re *702 lied on by the counsel for the plaintiff in error, in argument before this court, and is clearly with-any just foundation.
The remaining assignments of error are, I think, well founded. The plaintiff in error had a good defence to the scire facias. The performance of the condition of the recognizance was legally impossible. On the day on which the principal cognizor was to make Ms personal appearance before the Circuit court of Ohio county, according to the terms of the said condition, he was imprisoned as a convict in the penitentiary of. the state, as he had been for some time before, and continued to be for some time thereafter. There were no means whereby the surety couM withdraw the principal from the penitentiary, and bring him, or have Mm brought to the Circuit court of Ohio, to be surrendered in discharge of the recognizance. The princij)al is considered to be in the custody of the bail; and the law undoubtedly gives to the bail great power in arresting the principal and surrendering him in discharge of the recognizance. But that power is not invincible. It may be overcome by the act of Cod, as for instance the death of the principal; or by the act of the law, as in this case. And when so overcome, the law excuses the non-performance of the condition, because it compels no man to do impossibilities. So also such non-performance may be excused by the act of the.cognizee.
That it may be excused by the act of Cod, is well settled by authority. In Coke Lit. 206, a, it is said, “ If a man be bound by recognizance or bond, with a condition that he shall appear the next term in such á court; and before the day the cognizor or obligor dieth, the recognizance or obligation is saved.” In The People v. Manning, 8 Cow. R. 297, the principal cognizor was so sick on the day for his appearance that he could not be removed, and continued sick until *703 he died on a subsequent day. This was held to be a good defence to an action of debt on the recognizance. The court, by Savage, Ch. J., said, “ In all cases the condition of a bond or recognizance is possible at the time of making the condition, and before the same can be performed it becomes impossible by the act of God, or of the law, or of the obligee, there the obligation is saved.
That such non-performance may be excused by the act of the law, is also well settled. In The People v. Bartlett, 3 Hill’s N. Y. R. 570, which was an action of debt on a recognizance, conditioned that R. should personally appear at the next Court of general sessions of the county of L, to answer to an indictment; it was held to be a good defence to the action, that between the date of the recognizance and the term of the court therein mentioned, R was arrested and committed to jail in another county, where he was kept in confinement till after the day of appearance. The court, by Nelson, Ch. J., lays down the same general principle before stated, “ that where the performance of a condition of a bond or recognizance has been rendered impossible by the act of God, or of the law, or of the obligee, the default is excused and several authorities are cited to sustain the principle. In that case the party was confined in jail before conviction. In this case he had been convicted and was confined in the penitentiary. So that this case, if possible, is stronger than that, in favor of the defence.
Even in civil cases, in which the undertaking of the bail is different from what it is in criminal, and is to some extent a security for the debt, he may be discharged by the act of God or of the law. Petersd. on Bail 389, 390, 10 Law Libr. In Wood v. Mitchell, 6 T. R. 247, it was held that after a defendant had been convicted of felony and sentenced to transportation, the bail were entitled to their discharge.
*704 The bail in this case then had a good legal defence to the scire facias ; and if he had availed himself of it by plea, he would have been discharged by verdict and judgment. He did not so avail himself of it. But he brought the facts on which it was founded fully to the notice of the court by petition, on the day after he demurred to the scire facias, and a year before the demurrer was overruled and judgment rendered against him. The petition was sworn to in open court, and the facts therein stated were admitted in writing to be true by the attorney for the commonwealth. It was, in effect, a case agreed between the plaintiff in error and the commonwealth. The facts being admitted, there was no issue to be tried and no necessity for a jury. Nothing remained to be done but for the court to pronounce the law upon the facts; as upon a special verdict or a case agreed. No objection was made by the court or the attorney for the commonwealth to the form in which the defence was made: It would have been made by plea, if either had so required. The petition did not formally pray for a discharge from the recognizance, but in effect it did so. The petitioner wanted all the relief to which the facts entitled him. The court might, and ought to have entered a judgment for an exoneretur, and discharged the petitioner from his recognizance. In the People v. Manning, cited supra, it was contended that relief in such cases should be obtained by motion, and not by plea. The court said, “ Perhaps it might be obtained in that way; but this is no reason against pleading the defence, if it be a bar to the action.” In the case of Wood v. Mitchell, cited supra, the proper course for obtaining relief was held to be, “ to move for permission to enter an exoneretur on the bail piece.”
Instead of discharging the petitioner from the recognizance on the facts agreed, the court directed the petition to be filed, and the matter thereof continued *705 until the prisoner Drew should have had his trial on the indictment against him. The trial was accordingly had about a year thereafter, and the prisoner was acquitted. Instead of then discharging the petitioner from his recognizance, as he insisted, the court a few days thereafter overruled his demurrer to the scire facias, and rendered judgment against him for the penalty, with interest and costs. And when, during the same term, the petitioner moved the court to set aside the judgment, and grant him a rule against the commonwealth to show cause why he should not be exonerated and discharged from the penalty of said recognizance, by reason of the matters and things" set forth in the petition, and in an addendum, thereto, stating that the prisoner had been tried and acquitted, the court overruled the motion, and refused to allow such exoneration and discharge, either in whole or in part, assigning reasons for such refusal, which, in my opinion, are wholly inadequate. If the only ground for the motion had been the facts stated in the addendum to the petition, that the prisoner had been tried on the indictment and acquitted, it would strongly have addressed itself , to the discretion of the court, and would have justified the exercise of that discretion in favor of the petitioner. “ The object of a recognizance (said Ch. J. Marshall in The United States v. Feely, 1 Brock. R. 255) is not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused, but not found to be guilty. If the accused has, under circumstances which show that there was no design to evade the justice of his country, forfeited his recognizance, but repairs the default as much as is in his power by appearing at the succeeding term and submitting himself to the law, the real intention and object of the recog *706 nizance are effected, and no injury is done.” In that case> a motion was made to stay proceedings on a facias which had been sued out by the United States against Feely and his security, on a recognizance conditioned for the appearance of Feely on the first day of the preceding term, to answer an indictment against him. Feely did not appear, and his default was recorded. He afterwards appeared, and was in custody when the motion aforesaid was made. The report does not show whether he offered any, and if any, what excuse for his non-appearance according to his recognizance. It was contended on the part of the United States, that the court possessed no power over the recognizance: that being forfeited, it had become a debt due to the United States, whieh was no more subject to the control of the court than a debt upon contract. It was admitted that in England the Court of exchequer exercises this power; but it was con-' tended that the statutes of the 33 Hen. 8, ch. 39, and of 1 Greo. 2, expressly delegated it, and that from these statutes alone the authority of the Court of exchequer derived. The chief justice reviewed the authorities, and came to the conclusion, that entirely independent the statute, the courts of England exercised the power which the court in that case was required to exercise. And accordingly, all proceedings on the recognizance were ordered to be stayed until it should appear whether the accused should continue to submit himself to the law, or should attempt to evade the justice of the nation.
In the Commonwealth v. Craig, &c. 6 Rand. 731, there was a recognizance to appear and answer an indictment for felony. The accused failed to appear, and his default was recorded. A rule was then entered against him and his sureties, to show cause why a scire facias should not be awarded against them. At *707 ihe following term the accused appeared, and was taken into custody. The sureties offered to prove that by reason of wounds received in a rencontre the accosed had been rendered unable to attend according to his recognizance. The court adjourned to the General court, among others, the question, whether, if the above mentioned fact were proved, the sureties ought to be discharged from their recognizance? Brockenbrough, J. delivering the opinion of the court said, “It appears clear that the courts of oyer and terminer have the right, at any time before a recognisance is estreated, either to estreat or spare it. This is a discretion vested in them for the obvious purpose of remitting the obligation in a hard case. Estreats are, strictly speaking, not known in this state, but by analogy to the practice in England, the courts here have certainly the power to spare the recognizance, at least, at any time before the scire facias awarded. If the court of Montgomery (from which the question was adjourned) was satisfied, by competent evidence, that the recognizor was disabled by his wounds from attending the court, it is reasonable and just that his misfortune should not be visited upon him arid his sureties; particularly as, by his appearance afterwards, the ends of public justice will be answered: and in such case, the court ought not to award any sci. fa. against them.” ,
These cases show that our courts, at common law, possessed and exercised a power of discharging recognizances before the same were adjudged to be forfeited. The statute has extended this power, and provided, that “ when, in an action of scire facias on a recognizance, the penalty is adjudged to be forfeited, the court may, on application of a defendant, and in a county or corporation court, with the consent of the attorney prosecuting, remit the penalty, or any part *708 of it, and render judgment, on such terms and conditions as it deems reasonable.” Code, ch. 211, § 10, p. 785.
The motion of the plaintiff in error in this case, considering it as a mere application addressed to the discretion of the court, in the exercise of its common law or statutory power over the subject of recognizances, was entitled to much more favor than the application in either of the cases before cited from 1 Brockenbrough and 6 Randolph. For besides being sustained by all the grounds for relief which existed in those cases, it is sustained by this further and additional ground, that the plaintiff in error had a good legal defence to the scire facias, which he brought forward in due time, and would have made by plea if he had been required to do so, and had not been induced, by the course pursued by the court, to believe that the benefit of the defence would be secured to him, at least in the event that the accused should stand his trial upon the indictment.
But it is unnecessary in this case to decide, and I therefore express no opinion upon the question, which was much discussed in the argument, whether an appellate court may review a judgment of a court of original jurisdiction, given in the exercise of its discretionary power (whether of common law or under the statute) over the subject of recognizances. The plaintiff in error had a good legal defence, to the benefit of which he was entitled in some form or other. He might have made it by plea. But the facts on which it rested being admitted, there was no necessity for a plea, and he might and ought to have been discharged on petition or motion, as matter of right and not of mere discretion. The Circuit court having refused so to discharge him, and rendered judgment against him upon his recognizance, I am of opinion *709 that the judgment is erroneous and ought to be reversed, and a judgment rendered exonerating and discharging him from his recognizance, and dismissing the scire facias.
The other judges concurred in the opinion of Moncure, J.
Judgment reversed.